HON. PAUL BELICA Executive Director, New York State Project Finance Agency
This is in reply to the inquiry of your Counsel Thomas W. Ruggiero which asked if in my opinion "members" of the New York State Project Finance Agency would be protected in their official acts by the indemnification provision of the New York State Project Finance Agency Act, § 4(10).
Section 4, subdivision 1, of the Act provides, in part, that "[t]he agency shall be a corporate governmental agency constituting a public benefit corporation." This section further provides that the agency shall be governed by 7 members consisting of the Commissioner of Taxation and Finance, the Commissioner, the Director of the Budget, the Chairman of the New York State Finance Agency and 3 members to be appointed by the Governor with the advice and consent of the Senate.
The indemnification provision, to which you allude, section 4, subdivision 10, of the Act is as follows:
 "10. The state shall save harmless and indemnify directors, officers and employees of the agency pursuant to section seventeen of the public officers law against any claim, demand, suit or judgment arising by reason of any act or omission to act by such director, officer or employee occurring in the discharge of his duties and within the scope of his service on behalf of the agency. In the event of any claim, demand, suit or judgment based on allegations that financial loss was sustained by any person in connection with the acquisition, disposition or holding of securities or other obligations of the agency (or those of any other public corporations if such loss allegedly resulted from its dealing with the agency), a director, officer or employee of the agency shall be saved harmless and indemnified, notwithstanding the limitations of subdivision one of section seventeen of the public officers law, unless such individual is found by a final judicial determination not to have acted, in good faith, for a purpose which he reasonably believed to be in the best interests of the agency or not to have had reasonable cause to believe that his conduct was lawful."
Nowhere else in the Act is the word "directors" to be found and your concern in addressed to the question of whether "members" may be considered as "directors" and hence protected by the aforementioned indemnification provision.
It is my opinion that "members" of the agency are included within the protection afforded by section 4, subdivision 10.
Section 4, subdivision 2, states that "[t]he powers of the agency shall be vested in and exercised by a majority of the members then in office." Subdivision 9 of the section provides, in part:
 "9. A majority of the members of the agency then in office shall constitute a quorum for the transaction of any business or the exercise of any power or function of the agency."
From the foregoing it is obvious that the "members" constitute the governing board of the agency and are vested with the authority to carry out its business.
General Construction Law, § 66(4), defines a public benefit corporation as follows:
 "4. A `public benefit corporation' is a corporation organized to construct or operate a public improvement wholly or partly within the state, the profits from which inure to the benefit of this or other states, or to the people thereof."
Subdivision 15 of this section reads as follows:
 "15. The term `director', when used in relation to corporations, means any member of the governing board of such corporation, whether designated as director, trustee, manager, governor, or by any other title, designated to manage the affairs of a corporation."
It would thus appear that by definition "members" of the governing board of the agency which is a public benefit corporation are contained within the definition of "directors" found in General Construction Law, § 66(15).
It is, therefore, my opinion that "members" are protected in their official acts to the extent provided by section 4, subdivision 10, of the Act.